IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

OTIS D. GIPSON                                                                                          PETITIONER
ADC #080856

V.                          CASE NO. 5:18-cv-00092 BRW-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United

>    States District Judge was not offered at the hearing before the Magistrate Judge.
>
> 3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## Disposition

For the reasons outlined below, it is recommended Petitioner's Motion to Stay (DE #2) be denied and his Petition for Writ of Habeas Corpus (DE#1) dismissed without prejudice.

<u>Procedural History</u>

Petitioner is currently serving a thirty-five (35) year prison sentence for rape. A Pulaski County Circuit Court jury found him guilty of raping his girlfriend's two minor daughters and sentenced him as a habitual offender. His sentence was affirmed on appeal after he challenged two evidentiary rulings. *Gipson v. State*, 2013 Ark. App. 651. Gipson later filed an untimely Rule 37 petition that the trial court denied by order dated June 22, 2016. On January 22, 2018, Petitioner filed a state habeas corpus petition in Lee County Circuit Court. The matter was transferred to the Pulaski County Circuit Court on February 6, 2018. Respondent filed a Response to the Petition on August 1, 2018. *See Gipson v. Kelley*, Case No. 60CV-18-3795, Pulaski County Circuit Court, Sixth Judicial District, Seventh Division.

Petitioner filed the current writ of habeas corpus in this Court on April 11, 2018, alleging ineffective assistance of counsel. On May 9, 2018, he asked to stay the petition to allow exhaustion of his state court remedies.

## Discussion

Pursuant to 28 U.S.C.§ 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." The Eighth Circuit has held there is "a strong federal policy to the effect that federal courts should not unduly or prematurely interfere with state court proceedings." *Mayes v. Sigler*, 428 F.2d 669, 671 (8th Cir. 1970). Furthermore, the court states "such a policy minimizes state resentment against federal interference with state criminal convictions and in addition relieves federal courts of the burden of conducting hearings which properly should be handled by the state courts." *Id.* In this case, Petitioner currently and admittedly has a state habeas petition pending before the Pulaski County Circuit Court. The Petitioner, therefore, clearly has not yet exhausted his state remedies and any interference from this Court at this time would be premature. Further, it appears the petition is time barred. However, given Petitioner has a state habeas petition pending with the Pulaski County Circuit Court and has not set forth any circumstances that would persuade this Court that a stay is necessary, the undersigned recommends that the motion to stay be denied and that the habeas petition be dismissed without prejudice.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #1) be dismissed without prejudice and Petitioner's motion to stay (DE #2) be denied.

SO ORDERED this 20th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE